**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US AIRLINE PILOTS ASSOCIATION, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> PENSION BENEFIT GUARANTY ) <br> CORPORATION, ) <br> ) <br> *Defendant.* ) <br> ) | Civil Action No. 1:09-cv-01675 (JR) |

**ANSWER OF PENSION BENEFIT GUARANTY
CORPORATION TO PLAINTIFF'S COMPLAINT**

Defendant Pension Benefit Guaranty Corporation ("PBGC") answers the Complaint as follows:

1. PBGC admits that the US Airline Pilots Association ("Plaintiff") brings this civil action for equitable and declaratory relief against PBGC in PBGC's capacity as statutory trustee of the pension plan most recently known as the Retirement Income Plan for Pilots of US Airways, Inc. (the "Plan"), but asserts that the remaining allegations in the first sentence of paragraph 1 are legal conclusions that do not require a response; if a response is required, the allegations are denied. PBGC admits that it was appointed statutory trustee of the Plan in 2003, but denies the remaining allegations in the second sentence as well as all the remaining allegations in the third and fourth sentences of paragraph 1.

**APPLICABLE STATUTES, JURISDICTION,
VENUE, AND DESCRIPTION OF PARTIES**

2. PBGC admits that Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* The remaining allegations in paragraph 2 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

3. PBGC admits that this Court has jurisdiction over this action pursuant to 29 U.S.C. § 1303(f). The remaining allegations in paragraph 3 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

4. PBGC admits that venue is proper under 29 U.S.C. § 1303(f). The remaining allegations in paragraph 4 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

5. PBGC admits that Plaintiff is an employee organization. PBGC avers that it lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 5. The allegations in the second sentence of paragraph 5 are legal conclusions that do not require a response; if a response is required, the allegations are denied. PBGC avers that it lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence of paragraph 5 concerning the number of USAPA members that are participants in and beneficiaries of the Plan. PBGC denies the remaining allegations in the third sentence of paragraph 5.

6. PBGC admits that it is a U.S. Government corporation within the Department of Labor that, pursuant to Title IV of ERISA, insures private-sector defined-benefit pension plans. PBGC also admits that as of the Plan's March 31, 2003 termination date, PBGC became and remains its statutory trustee within the meaning of

29 U.S.C. § 1342.  The remaining allegations in paragraph 6 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

7.     PBGC admits that in 1958, US Airways (then known as Allegheny Airlines) established a program for providing retirement income to airline pilots in its service by sponsoring a defined-benefit pension plan, but asserts that the remaining allegations in the first and second sentences of paragraph 7 are legal conclusions that do not require a response; if a response is required, the allegations are denied.  PBGC admits that on November 7, 1973, an amendment to the Retirement Income Plan for Pilots of Allegheny Airlines, Inc. was adopted, which states that it is effective as of December 1, 1972, but states that the various versions of the Plan and its amendments speak for themselves.  PBGC admits that the plan was most recently known as the "Plan," as defined above in PBGC's response to paragraph 1.

8.     PBGC admits that before its March 31, 2003 termination, the Plan was a defined-benefit plan within the meaning of 29 U.S.C. § 1002(35), was an employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2), and was subject to the coverage of Title IV of ERISA.  PBGC denies the remaining allegations in paragraph 8.

9.     PBGC states that the US Airways filings with the U.S. Securities and Exchange Commission as of December 31, 2000, speak for themselves.  PBGC denies that the Plan was "almost fully funded" on a termination basis as of that date.

10.    PBGC admits the allegations in paragraph 10.

11. PBGC admits that on January 30, 2003, US Airways filed a motion in the bankruptcy court seeking a determination that the statutory distress criteria in 29 U.S.C. § 1341 were met. PBGC states that this motion speaks for itself.

12. PBGC admits that the Air Line Pilots Association, the Retired Pilots Association of US Airways, and other groups opposed the motion referenced in paragraph 11. PBGC states any opposition papers filed by these groups speak for themselves.

13. PBGC admits that it attended certain events of the bankruptcy proceedings, and that it filed a response to the motion referenced in paragraph 11, but states that the response speaks for itself. PBGC denies the remaining allegations in paragraph 13.

14. PBGC states that the bankruptcy court's decision speaks for itself.

15. PBGC admits that the bankruptcy court ruled on March 7, 2003, that US Airways had met the statutory criteria for distress termination of the Plan, but conditioned its ruling on an arbitration proceeding. PBGC states that the bankruptcy court's decision speaks for itself. PBGC denies the remaining allegations in paragraph 15.

16. PBGC admits that on or about March 27, 2003, US Airways and PBGC entered into an agreement to terminate the Plan, and denies the remaining allegations in the first sentence of paragraph 16. PBGC admits that US Airways and ALPA agreed to amend the collective bargaining agreement to permit and facilitate the Plan's termination.

17. PBGC admits that as of the Plan's March 31, 2003 termination date, PBGC became its statutory trustee within the meaning of 29 U.S.C. § 1342.

18.     The allegations in paragraph 18(a) – 18(e) are legal conclusions that do not require a response; if a response is required, the allegations are denied.

19.     The allegations in paragraph 19 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

20.     The allegations in paragraph 20 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

21.     The allegations in paragraph 21 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

22.     PBGC admits that in 2009, it received the correspondence attached as Exhibits 1 and 3 to the Complaint, but states that those documents speak for themselves. PBGC admits that in connection with the appeal of certain Plan participants to the PBGC Appeals Board in 2007, it received documents alleging improper transfers of Plan assets, but states that those documents speak for themselves. PBGC further admits that its counsel attended the bankruptcy court proceedings involving US Airways' motion seeking approval of a distress termination of the Plan, but states that the record of those proceedings speaks for itself. PBGC denies the remaining allegations in paragraph 22.

23.     PBGC denies the allegations in paragraph 23.

24.     PBGC avers that it lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 24. PBGC denies that it has thwarted any efforts by Plaintiff and avers that it lacks knowledge or information sufficient to form a belief as to the remaining allegations in the second sentence of paragraph 24. PBGC admits that it produced documents pursuant to Plaintiff's FOIA requests, but states that those documents speak for themselves. PBGC avers that it lacks

knowledge or information sufficient to form a belief as to the remaining allegations in the third and fourth sentences of paragraph 24.

25. PBGC states that the June 18, 2009 letter referenced in paragraph 25 speaks for itself.

26. PBGC states that the July 9, 2009 letter referenced in paragraph 26 speaks for itself.

27. PBGC states that the July 17, 2009 letter referenced in paragraph 27 speaks for itself.

28. PBGC states that the July 17, 2009 letter referenced in paragraph 28 speaks for itself.

29. PBGC admits the allegations in paragraph 29.

## CLAIMS FOR RELIEF

### Count One

### Breach of Duty to Investigate

30. PBGC states that no response is required to paragraph 30.

31. The allegations in paragraph 31 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

32. The allegations in paragraph 32 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

33. The allegations in paragraph 33 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

34. PBGC denies the allegations in paragraph 34.

35. PBGC states that there is no requirement that PBGC "undertake[] a comprehensive audit of the Plan's transactions before becoming statutory trustee." PBGC denies the remaining allegations in paragraph 35.

36. PBGC denies the allegations in paragraph 36.

37. The allegations in paragraph 37 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

38. The allegations in paragraph 38 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

39. The allegations in paragraph 39 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

40. The allegations in paragraph 40 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

41. PBGC denies the allegations in paragraph 41.

## Count Two

### Breach of Duty to Rectify
### 29 U.S.C. §§ 1303(f)(1), (4)

42. PBGC states that no response is required to paragraph 42.

43. The allegations in paragraph 43 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

44. The allegations in paragraph 44 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

45. PBGC denies the allegations in paragraph 45.

46. The allegations in paragraph 46 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

47. PBGC denies the allegations in paragraph 47.

48. The allegations in paragraph 48 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

49. The allegations in paragraph 49 are legal conclusions that do not require a response; if a response is required, the allegations are denied.

50. PBGC denies the allegations in paragraph 50.

51. PBGC denies the allegations in paragraph 51.

52. PBGC denies the allegations in paragraph 52.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

PBGC is reviewing the Plaintiff's allegations regarding pre-termination fiduciary breaches and, depending on the results, PBGC may decide to initiate litigation on behalf of the Plan; accordingly, the Plaintiff's claim that PBGC has breached a fiduciary duty by failing to investigate and rectify on behalf of the Plan is premature.

### Second Affirmative Defense

PBGC is reviewing the Plaintiff's allegations regarding pre-termination fiduciary breaches, and PBGC has prosecutorial discretion concerning whether to initiate legal actions to recover on behalf of the Plan; after concluding its review, if PBGC declines to initiate recovery litigation on behalf of the Plan, its decision will be an enforcement decision involving a complicated balancing of factors peculiarly within the agency's expertise which is not reviewable by the courts.

### Third Affirmative Defense

The Plaintiffs are not entitled to an award of attorneys' fees in cases against PBGC under ERISA.

### Fourth Affirmative Defense

Plaintiff fails to state a claim on which relief can be granted.

FURTHER answering the Complaint, PBGC denies each and every allegation of the Complaint not otherwise specifically admitted, and further denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

*Remaining portion of this page intentionally left blank.*

WHEREFORE, the PBGC respectfully requests that the Court dismiss the Complaint, enter judgment on behalf of PBGC, and grant PBGC its costs and expenses.

Dated:  November 2, 2009                    Respectfully submitted,


                                              /s/ Joseph M. Krettek

                                            Office of the Chief Counsel
                                            ISRAEL GOLDOWITZ
                                            Chief Counsel
                                            CHARLES L. FINKE
                                            Deputy Chief Counsel
                                            JAMES J. ARMBRUSTER
                                            PAULA J. CONNELLY
                                            GARTH D. WILSON
                                            Assistant Chief Counsels
                                            JEAN MARIE BREEN
                                            CRAIG T. FESSENDEN
                                            JOSEPH M. KRETTEK
                                            MICHAEL A. MARICCO
                                            Attorneys

                                            PENSION BENEFIT GUARANTY
                                            CORPORATION
                                            1200 K Street, N.W.
                                            Washington, D.C.  20005-4026
                                            Telephone:  (202) 326-4020, ext. 6772
                                            Facsimile:  (202) 326-4112
                                            krettek.joseph@pbgc.gov

                                            Attorneys for Defendant PBGC